ON MOTION FOR REHEARING.
 

 LATTIMORE, Judge.
 

 In his motion appellant ably urges that jurors made statements and expressed opinions in their discussion in the jury room, which were such as deserve our condemnation, and should have called for a new trial, and that we erred in not so holding. That part of the discussion most offensive to appellant appears to be what was said by some of the jurors as to the effect the firing of a shot gun would have at the distance deceased was from appellant at the time of the homicide, as testified to by witnesses on the trial. One juror said he heard another state that if appellant had been as close to deceased as he said he was, he would have blown a hole clear through deceased, and he was (or must have been) farther away than he claimed to have been. Another juror undertook to say in the jur room that if appellant had been where he said he was, the hole in deceased would have been a smaller hole than was .found, etc. The matter of this complaint was substantially discussed by us in Frazier v. State, 268 S. W. Rep. 165, wherein we stated that jurors are necessarily men of different walks of life, with different views and experiences, and that their discussion of the facts before them and their effort to come to a common understanding would be expressed in terms of their respective views of those matters necessary to be adjusted. We do not regard the complaint of appellant as presenting any error, and the motion for rehearing will be overruled.
 

 Overruled.